IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| North Shore Sanitary District f/u/b<br>Great American Insurance Company, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case. No: 07 C 6322 |
| | ) | |
| Travelers Casualty and Surety<br>Company of America, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STAY UNDER *COLORADO RIVER*

Defendant Travelers Casualty and Surety Company, by its attorneys, Henderson & Henderson, P.C. hereby moves to stay this case under the *Colorado River* abstention doctrine, having received on February 15, 2008, a thirty day summons in completion of service from the Director of Insurance under 215 ILCS 5/112. In support, Defendant submits its accompanying Memorandum of Law, and further states:

## FACTS

1. The instant action was filed by Great American Insurance Company ("GAIC") under the Public Bond Act (30 ILCS 550/1 and 550/2) based upon a bond submitted by general contractor Joseph J. Henderson & Son, Inc. ("Henderson") to the North Shore Sanitary District ("Owner") for the North Shore Sanitary District Zion Township Sludge Recycling Facility ("Project") in Lake County, Illinois, claiming unpaid sums due for work performed by terminated Subcontractor Interstate Welding & Fabrication, Inc. ("IWF") under a Subcontract and for work performed by its surety, Great American Insurance Company ("GAIC") under a Takeover Agreement for that Subcontract work.

1

2. There is an earlier and parallel action filed by GAIC and pending in the 19th Judicial Circuit Court of Lake County, Illinois, ("Illinois Litigation") against Henderson, a counterclaim in Rigging Services, Inc. v. Interstate Welding & Fabrication, Zion Twp. Sludge Recycling Facilities, Henderson, and GAIC, No. 05 CH 2095. A true and correct copy of the pending GAIC amended pleading, filed July 26, 2006, is attached hereto as Exhibit "A" (Amended Counterclaim).

3. The factual basis of both cases is a claim against the general contractor Henderson for unpaid work allegedly performed by Subcontractor IWF and its surety GAIC on the public Project.

4. Both cases relate to the same time period, the same course of conduct, and the same contracts governing the right to recover monetary damages. The addition and substitution of the surety of Henderson, the defendant surety Travelers, as a defendant does not alter the identity of interest of the parties. Henderson, the general contractor, has indemnified its surety for any such damages. A copy of that indemnity agreement is attached as Exhibit "B." The Real Party in Interest remains the General Contractor, Joseph J. Henderson & Son, Inc. who would have to pay any judgment obtained.

5. Most importantly, the Lake County Circuit court has assumed jurisdiction over the property, the money damages sought here, as a result of the Plaintiff's actions. The Plaintiff filed a lien against public funds in an amount exceeding its present claims herein ($579,391.25), and the public body (North Shore Sanitary District) has paid those funds into the Lake County Circuit Court where they are held by the Lake County Circuit Clerk, awaiting and needing the order of the Lake County Circuit Court for any dispersal.

2

The lien against public funds was filed by Plaintiff on December 22, 2005, and the funds sequestered from the general contractor Henderson. That money was paid into the Lake County Circuit Court on May 31, 2007, by agreed order, a copy of which Order is attached hereto as Exhibit "C" (Order of payment into court).

6. Based on the factual allegations, both actions ask for monetary damages for unpaid work on the same Project. The damages sought in this federal action are merely reduced to an amount claimed sustainable by the GAIC expert report from Lovett Silverman provided by GAIC in discovery in the Illinois Litigation. A true and correct copy of that report valuing claimed extras is attached hereto as Exhibit "D" (GAIC expert damages report).

### This Action Should be Stayed Under the Colorado River Doctrine

7. This case should be stayed in favor of the prior and pending Illinois Litigation brought by the Plaintiff, pursuant to the abstention doctrine announced in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), reh'g denied, 426 U.S. 912 (1976).

8. A stay is appropriate because both cases are parallel and because the Colorado River factors weigh in favor of granting a stay.

9. The cases are parallel because they involve substantially similar parties and identical issues.

10. The Colorado River factors weigh in favor of granting a stay, as set forth below:

3

(a) The state of Illinois has assumed jurisdiction over the property in question, claimed monetary damages, said funds being held by the Lake County Circuit Court pursuant to the counterclaim (crossclaim) lien action filed by Plaintiff in 2006 in <u>Rigging Services, Inc. v. Interstate Welding & Fabrication, Joseph J. Henderson & Son, Inc. and Great American Insurance Co.</u>, 05-CH-2995, Lake County Circuit Court, Illinois, where the Plaintiff herein has raised not only its public lien claims but also all contract claims in a separate counts.

(b) There is a risk of piecemeal litigation because the issue of whether GAIC and its Subcontractor are owed any money for work performed on the project must be decided in both cases.

(c) The Illinois Litigation was filed two years ago and has proceeded through extensive written discovery, including motions to compel production from GAIC, whereas Plaintiff has just initiated this second lawsuit.

(d) The claims raised by Plaintiff in the instant suit are capable of adjudication before an Illinois court. Given the prior action brought by Plaintiff in the Lake County Circuit, there was no reason to bring this action in the federal courts, rather than in the state court where the claims can be consolidated with Plaintiff's prior action for judicial economy. The decision in the Illinois Litigation will dispose of all claims of the federal Plaintiff because if there is no liability for the Principal, the general contractor Joseph J. Henderson & Son, Inc. on the contractual claims made by the Plaintiff, there can be no liability for the Surety Defendant herein, Travelers. Should there be any liability, the Lake County can not only enter the verdict, but it has in its possession the fund to pay any such damages.

4

(e) The Illinois Litigation, as to the public lien, is not removable, and has proceeded for two years through multiple motions and rulings. 770 ILCS 60/23.

(f) The claims herein are governed by Illinois law, and the section under which the instant action is brought, 30 ILCS 550/1 states the claims must be brought in the circuit court of the State of Illinois.

(g) A second action by Plaintiff in the federal forum is inconvenient and contrived. The project owner is a public body located in Lake County, Illinois, and any testimony required of public employees would be more conveniently given in Lake County and in one proceeding. The Plaintiff, while not an Illinois resident, has been litigating in Lake County for two years, and Joseph J. Henderson & Son, Inc., the general contractor and Real Party in Interest is also located in Lake County, Illinois.

11. GAIC also availed itself of the Lake County Circuit Court to file the following seven additional lawsuits against the general contractor/Real Party in Interest, Henderson, seeking reimbursement for sums paid to suppliers and subcontractors of its Principal IWF pursuant to claims made against GAIC under its surety bond for the work of the IWF Subcontract on the Project. These suits, listed as follows, have all have been dismissed with prejudice more than thirty days ago pursuant to Henderson's motions to dismiss: 06 CH 2505(Ametco), 06 CH 2506(Arlo), 06 CH 2507(Kropp), 06 CH 2509(Lindapter), 06 CH 2510(Reelsville), 06 CH 2511(Tnemec), 06 CH 2512 (Wisconsin Steel), totalling $194,273.95. Should any of the GAIC claims deal with matters raised in these lawsuits, such claims are *res judicata* and should be dismissed for that reason.

## CONCLUSION

For the foregoing reason, and the reasons set forth in Defendant's supporting memorandum of law, Defendant requests that this court stay these proceeding pending resolution of the Illinois Litigation, or alternatively dismiss this case with prejudice as to the Plaintiff.

Dated: March 11, 2008

    Respectfully submitted,
    TRAVELERS CASUALTY AND SURETY
    COMPANY OF AMERICA

By: /s/ Donna R. Henderson
    One of its Attorneys

Donna R. Henderson (ARDC #1185276)
J. John Henderson (ARDC#1185497)
HENDERSON & HENDERSON, P.C.
700 S. Lewis Avenue,
Waukegan, IL  60085
(847) 623-7880
(847) 623-7965 FAX
donna@hendersonandhendersonlaw.com
john@hendersonandhendersonlaw.com

6