IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| North Shore Sanitary District f/u/b Great American Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case. No: 07 C 6322 |
| Travelers Casualty and Surety Company of America, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY UNDER *COLORADO RIVER*

This case should be stayed under the *Colorado River* doctrine because the claims alleged here under the Illinois Public Bond Act are already being litigated by choice of Plaintiff Great American Insurance Company ("GAIC") in Illinois state court under Illinois law. The instant matter introduces only a new nominal defendant, the surety of the general contractor Joseph J. Henderson & Son, Inc. ("Henderson") which the Plaintiff has previously sued over the same claims in a pending counterclaim in Lake County Circuit Court in 2006. A copy of that pleading, as amended, is attached to the Motion as Exhibit "A". That action caused the property in dispute, the monetary damages alleged for unpaid work of Interstate Welding & Fabrication, Inc. ("IWF") and GAIC, to be paid to the Clerk of the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois, and the funds placed under the Illinois court's jurisdiction by Agreed Order. (Order of Payment attached to Motion as Exhibit "C"). The general contractor, Henderson, has indemnified the surety defendant herein, Travelers, and is the real party in interest.

1

(Indemnification Agreement attached as Exhibit "B"). The naming of an additional defendant does not change the parallel nature of the cases based upon the same claims.

## NATURE OF THE ACTIONS

The instant suit is an action under the Illinois Public Bond Act (30 ILCS 550/1 and 550/2) filed by Great American Insurance Company ("GAIC") based upon a bond submitted by general contractor Joseph J. Henderson & Son, Inc. ("Henderson") to the North Shore Sanitary District ("Owner") for the North Shore Sanitary District Zion Township Sludge Recycling Facility ("Project") in Lake County, Illinois, claiming sums due for work performed by terminated Subcontractor Interstate Welding & Fabrication, Inc. ("IWF") under a Subcontract and also for work performed by its surety, GAIC, for work performed under a Takeover Agreement for that Subcontract work. (Complaint, Paragraphs 4, 9, and 13). There is no federal question raised.

GAIC has previously brought suit against general contractor Henderson in a counterclaim/crossclaim regarding these same claims and the same alleged facts in an Illinois state court in a case-in-chief filed against IWF, GAIC, and Henderson by Rigging Services, Inc., a subcontractor to IWF and GAIC. (Rigging Services, Inc. v. Interstate Welding & Fabrication, Inc., 05 CH 2095, 19th Circuit Court, Lake County, Illinois). Rigging's direct action against Henderson was dismissed with prejudice. GAIC's initial action against Henderson was dismissed for failure to comply with the Illinois Code of Civil Procedure, but GAIC was allowed to file an amended complaint which was deemed to relate back to the original filing for purposes of the lien against publics funds claim, Count I.

2

The pending amended GAIC counterclaim against Henderson consists of Count I – Foreclosure of Mechanics' Lien, Count II – Breach of the Takeover Agreement, and Count III- Breach of the Illinois Prompt Payment Act. (Motion, Exhibit "A"). It is based on the same Subcontract work, the same Takeover Agreement, and the same Project as the federal claim. In addition, GAIC has utilized the Illinois Lake County Circuit Court to bring seven additional public lien actions against Henderson seeking reimbursement for costs paid as surety for IWF to IWF's subcontractors on the Project: 06 CH 2505(Ametco), 06 CH 2506(Arlo), 06 CH 2507(Kropp), 06 CH 2509(Lindapter) 06 CH 2510(Reelsville), 06 CH 2511(Tnemec), 06 CH 2512 (Wisconsin Steel), totalling $194,273.95 in additional liened funds withheld from Henderson. All of those seven matters have now been dismissed with prejudice in response to Henderson's motions.

## ARGUMENT

### I. THIS CASE SHOULD BE STAYED UNDER THE COLORADO RIVER ABSTENTION DOCTRINE.

As announced by the United States Supreme Court in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817, (1976), <u>reh'g denied</u>, 426 U.S. 912 (1976), the principles which govern in situations involving the contemporaneous exercise of concurrent jurisdictions rest on considerations of "[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." As a result of these principles, the federal courts will defer to state courts already considering a parallel case to the one subsequently brought in the federal courts, when the balancing of certain defined factors weighs in favor of such abstention. A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum. <u>Caminiti & Iatorola, Ltd. v.</u>

3

Behnke Warehousing, Inc., 962 F. 2d 698, 700 (7th Cir. 1992). After determining the existence of parallel cases, the federal courts must weigh certain factors to evaluate whether the "exceptional circumstances" exist which favor federal abstention. The Seventh Circuit has identified ten factors which must be considered in the analysis of the request for stay in deference to parallel state litigation, each of which will be discussed below:

## A. The Two suits Are Parallel.

The court's inquiry under Colorado River is made according to a two-part standard that first asks whether the actions in question are parallel. Tyrer v. City of South Beloit, 456 F.3d 744, 751 (7th Cir. 2006). "In determining whether two actions are parallel, a court looks 'not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" Lumen Constr. Inc. v Brant Constr. Co., 780 F. 2d 691, 695 (7th Cir. 1985). A parallel suit does not require identical parties or issues or a finding of "formal symmetry between the two actions." Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004), nor must the suits be identical. Interstate Material Corporation v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988). Rather, a suit is "parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." Interstate Material Corp., 847 F.2d at 1288. The important issue is that the state action encompasses the federal claims.

To be sufficiently similar it is not necessary that there be "formal symmetry between the two actions." Lumen, 780 F.2d at 695. Rather, there should be a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case."

4

Parties with "nearly identical" interests are considered "substantially the same" for Colorado River purposes. See Caminiti & Iatarola, 962 F.2d at 700-01. The identity of interest of the general contractor and the surety it indemnifies are obvious. The substitution of the general contractor's surety for the general contractor does not destroy the symmetry between the parties and issues present both in the 2006 Illinois Litigation and this present lawsuit, since the general contractor has indemnified the surety and remains the Real Party in Interest. The addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings. Schneider Nat'l Carriers, Inc. v. Carr, 903 F.2d 1154, 1156 (7th Cir. 1990)

As the court stated in Clark v. Lacy, "Again, the requirement is that the parties be substantially the same--not completely identical. When we focus on the parties' litigation interests in these two lawsuits, it is clear that the addition of these four defendants has little impact on the overall similarity of the disputes." Clark, 376 F.3d at 686. Exact parallelism is not required. Rather, the initial prong of Colorado River is satisfied where the suits at issue are "substantially the same." Caminiti and Iatarola, Ltd. 962 F.2d at 700-01. (cases parallel despite additional claim in federal court because they litigated the same "basic issue.").

The issues, as well as the parties, in the concurrent proceedings need not be identical to be substantially similar. Instead, issues are "substantially similar" when there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." Lumen Construction, 780 F.2d at 694. "Even the presence of additional issues will not necessarily stave off abstention. Rather, the primary inquiry is whether there is a "substantial likelihood" that the non-federal litigation "will dispose of all claims

5

presented in the federal case." Day v. Union Mines, Inc., 862 F.2d 652, 656 (7th Cir. 1988) see also Arizona v. San Carlos Apache Tribe, 463 U.S. 545, 567, 77 L. Ed. 2d 837, 103 S. Ct. 3201 (1984). In determining whether issues are "substantially similar," the court must consider whether the different issues raised in concurrent proceedings filed by the same party share a common factual underpinning, so that the disposition of the state claims affects the disposition of the federal claims. P & G v. Alberto-Culver Co. 1999 LEXIS 23140 (N.Dist. Ill. 1999).

In the instant matter there has been a substitution of the surety of a party for the party itself, but the claims remain based upon the actions of the party, the general contractor Henderson. Upon grant of a motion for intervention by the real party in interest, the general contractor who indemnifies the surety for any damages caused by its actions, the parties would align as before. Again, it is the same actions of the general contractor that provide the alleged basis for both these actions; the surety is only another source of payment, rendered unnecessary in this case by the state's court exercise of jurisdiction over the fund to pay any damages found due.

The inclusion of the general contractor's surety and the omission of the general contractor does not alter the basis of the claims of GAIC under the Takeover Agreement for work performed on the Project. Just as adding a federal defendant does not destroy the parallel nature of the cases, omitting the general contractor whose underlying claimed actions are the basis for one's action does not allow avoidance of the doctrine of Colorado River and its purpose. "A 'suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." Interstate, 847 F.2d at 1288. The emphasis here is on "substantially the same." Just as the

parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action. Clark 376 F. 3d at 687.

**B. Application of the Colorado River Factors Supports a Stay of this Case.**

Whether a stay is justified in a parallel action depends on the ten factors: 1) whether the state has assumed jurisdiction over the property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim. Sverdrup Corp. v. Edwardsville Comm. School Dist. No. 7, 125 F.3d 546, 549-50 (7th Cir. 1997);

While no single factor is necessarily determinative, all the relevant factors here favor abstention.

**State Court Has Assumed Jurisdiction Over the Property**

As a result of Plaintiff's actions in the Illinois Litigation, the 19th Judicial Circuit has assumed jurisdiction and possession of the funds to pay the claims made by GAIC for work on the Project. On December 23, 2005, GAIC filed a lien against those funds held by the Owner which were due and owing to Henderson, the general contractor. GAIC subsequently filed suit to foreclose that lien, adding counts for breach of contract and for breach of the Illinois Prompt Payment Act. The lien amount, $579,391.25, was paid into the 19th Judicial Circuit Court by North Shore Sanitary District, per agreed Order, on

7

May 31, 2007. A copy of that Order is attached hereto to the Motion as Exhibit "C" (Order for Payment into Court).

### Piecemeal Litigation

Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." LaDuke v. Burlington N. R.R. Co., 879 F.2d 1556, 1560 (7th Cir. 1989). "When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." . Lumen Constr. 780 F.2d at 694. "Dual proceedings could involve what we have called a 'grand waste of efforts' by both the court and parties in litigating the same issues regarding the same contract in two forums at once." Microsoftware Computer Sys. v. Ontel Corp. 686 F.2d 531, 538 (7th Cir. 1982).

"Without staying the federal proceeding, the two actions would proceed simultaneously—duplicating the amount of judicial resources required to reach a resolution." Clark, 376 F.3d at 687. "Moreover, the possibility of conflicting results is very present here since both state and federal cases depend on interpretation of the same contract." Day v. Union Mines, Inc., 886 F. 2d 652, 659 (7th Cir. 1988).

### Illinois Litigation Was Filed First by Plaintiff

Plaintiff commenced its actions based upon the same claims in state court in 2006, and has litigated seven other actions relative to the Project and the Takeover Agreement in that venue. Indeed, the Illinois court has already taken over custody of the funds to

8

pay such claim. Extensive discovery, including the adjudication of numerous nondispositive motions, has taken place in state court. The case record is thus more developed in Illinois lending itself to a more ready adjudication of the issues.

### The Inconvenience of the Federal Forum

This factor favors the Illinois action in the same vein as the above factors. To require a defense of these parallel claims in a second jurisdiction would pose a great inconvenience to the witnesses as well as the parties involved in these parallel claims. The owner, a public body, is located in Lake County, Illinois, and the inconvenience to the public body for testimony by its employees regarding the Project is greater in the federal forum. The Project is located in Lake County, Illinois, as is the Principal of the Surety Defendant. The general contractor, and real party in interest herein, has pending a counterclaim against GAIC for the cost of completion of the work as well as other damages. The defense of the surety Travelers would raise these same matters and utilize the same evidence with the consent of Henderson, who indemnifies Travelers. The interests of justice are best served by allowing all these issues to be determined in the state court where Plaintiff first commenced its actions.

### Illinois Statute as Governing Law and The Concurrent Jurisdiction of the Illinois Circuit Court

This action was brought under an Illinois statute known as the Public Construction Bond Act, 30 ILCS 550/1 and 550/2. The Illinois court's "expertise in applying its own law favors a Colorado River stay." Day v. Union Mines, Inc., 862 F.2d 652, 660 (7th Cir. 1988) Further, the Illinois statute regarding Public Bond actions states: "Such action shall be brought only in the circuit court of this State in the judicial circuit in which the contract is to be performed." 30 ILCS 550/2. In the instant matter, that

9

circuit would be the Lake County Circuit Court where the prior and parallel three-count action was brought by the Plaintiff in 2006. This is an action that could have and should have been brought in the state court where it would be consolidated with the current state court proceedings already commenced by Plaintiff.

### Adequacy of the State-Court Action to Protect the Federal Plaintiff's Rights/Removal

Plaintiff has caused some $579,391.25 to be deposited into the Illinois state court to satisfy its claims if its allegations should be proven. These are the same allegations made in the present action, although here made for a lesser sum. This decreased sum sought is reflected in the February 14, 2006, report from GAIC's disclosed expert Lovett-Silverman produced in response to discovery in the state court case and attached hereto as Exhibit "D", in support of the similarity of the actions and as explanation of the different sums sought. The decision in the Illinois Litigation will dispose of all claims of the federal Plaintiff. If there is no liability for the Principal, the general contractor Joseph J. Henderson & Son, Inc. on the contractual claims made by the Plaintiff, there can be no liability for the Surety Defendant herein, Travelers. Should there be any liability, the Lake County can not only enter the judgment, but it has in its possession the fund to pay any such damages.

A state court is presumed competent to protect the interest of a federal plaintiff, and the state court action is not removable to federal court, since the foreclosure of a public lien must be brought in the county in which the public body is located. Further, the GAIC claims have been under litigation in the state court for two years at this juncture.

10

### Vexatious or Contrived Nature of the Federal Claim

It is difficult to conceive of a just reason for initiating this federal litigation when the Plaintiff has been litigating these matters for two years in state court, and where exactly the same evidence is necessary to sustain these claims. Plaintiff, both in logic and in fairness to the judicial system and to all parties, should have commenced this action in the Lake County Circuit court where the matter could be consolidated with its prior actions. The Project Owner is a public body located in Lake County, Illinois, and any testimony required of public employees would be more conveniently given in Lake County and in one proceeding. The Plaintiff, while not an Illinois resident, has been litigating in Lake County for two years, and Joseph J. Henderson & Son, Inc., the general contractor and Real Party in Interest is also located in Lake County, Illinois. It appears the only reason for the federal filing was to force time-consuming dual litigations.

### CONCLUSION

For the foregoing reasons, Defendant requests that this Court stay these proceedings pending resolution of the Illinois litigation, or alternatively dismiss the proceeding without prejudice to Plaintiff's bringing the action in state court.

Respectfully submitted,

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

By: /s/ Donna R. Henderson, One of its Attorneys

Donna R. Henderson (ARDC #1185276)
J. John Henderson (ARDC#1185497)
HENDERSON & HENDERSON, P.C.
700 S. Lewis Avenue, Waukegan, IL  60085
(847) 623-7880       (847) 623-7965 FAX

11

donna@hendersonandhendersonlaw.com
john@hendersonandhendersonlaw.com

12